IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| RONALD LANTON, *et al.*, | : | |
| Plaintiffs, | | |
| v. | : | Case No. 3:15-cv-372 |
| OCWEN LOAN SERVICING, LLC, *et al.*, | : | JUDGE WALTER H. RICE |
| Defendants. | : | |

---

DECISION AND ENTRY SUSTAINING MOTION TO DISMISS THE SECOND AMENDED COMPLAINT WITH RESPECT TO BLUE OCEAN AMBULETTE SERVICES FILED BY DEFENDANTS OCWEN LOAN SERVICING, LLC AND U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, FOR THE C-BASS MORTGAGE LOAN ASSET BACKED CERTIFICATES, SERIES 2007-RPI (DOC. #22); PLAINTIFFS RONALD LANTON, CYNTHIA LANTON AND BLUE OCEAN AMBULETTE, LLC'S CLAIM OF TORTIOUS INTERFERENCE WITH BUSINESS RELATIONSHIP/CONTRACT (COUNT VI) IS DISMISSED WITH PREJUDICE AS AGAINST U.S. BANK AND WITHOUT PREJUDICE AS AGAINST OCWEN; PLAINTIFFS WILL HAVE TWENTY-ONE (21) DAYS FROM THE DATE OF THIS ENTRY IN WHICH TO FILE AN AMENDED COMPLAINT AGAINST OCWEN, WITHIN THE STRICTURES OF FED. R. CIV. P. 11

---

In their Second Amended Complaint, Plaintiffs, Ronald Lanton ("Ronald"), Cynthia Lanton ("Cynthia") and Blue Ocean Ambulette Services, LLC ("Blue Ocean") (collectively "Plaintiffs"), allege that Defendants Ocwen Loan Servicing, LLC ("Ocwen"), and U.S. Bank National Association, as Trustee, for the C-BASS Mortgage Loan Asset Backed Certificates, Series 2007-RPI ("U.S. Bank"), "failed to apply payments, misapplied payments, charged late fees on payments timely made directly from the

Bankruptcy Trustee, and charged numerous other fees and unexplained charges in contradiction of the terms of the Mortgage and Note over a period of years." Doc. #32, ¶ 1, PAGEID #333. Further, Plaintiffs claimed that Ocwen failed to correct inaccurate information about a bankruptcy that appeared on Cynthia's credit report, even after being notified of the error. *Id.*, ¶ 2. Plaintiffs alleged that the credit denial caused Cynthia and Blue Ocean to be denied business loans; Cynthia and Blue Ocean, in turn, "could not expand the small business, and were forced to turn down several lucrative contracts." *Id.*, PAGEID #334.

Ronald and Cynthia have brought claims against Ocwen for violations of the Real Estate Sales Practices Act ("RESPA"), 12 U.S.C. § 2601 *et seq.* (Count I), Doc. #32, ¶¶ 84-107, PAGEID #342-44, and Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.* (Count III). *Id.*, ¶¶ 116-22, PAGEID #346-47. Also, Ronald and Cynthia have brought claims against both Ocwen and U.S. Bank for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 *et seq.* (Count IV), *id.*, ¶¶ 123-41, PAGEID #347-49, breach of contract (Count V). *Id.*, ¶¶ 142-52, PAGEID #349-50. Finally, all Plaintiffs have brought a claim against Ocwen, U.S. Bank and Equifax Information Services LLC ("Equifax") for tortious interference with business relationship or contract (Count VI). *Id.*, ¶¶ 153-58, PAGEID #350-51.[1] Count VI is brought by all Plaintiffs; Counts I, III, IV and V are brought only by Ronald and Cynthia. Ocwen and U.S. Bank have moved to dismiss Count VI. Doc. #22. For the reasons set forth below, their motion is SUSTAINED.

---

[1] In Count II, Ronald and Cynthia have brought an FCRA claim against Equifax. Doc. #32, ¶¶ 108-15, PAGEID #344-46.

2

I.  RELEVANT FACTUAL BACKGROUND AND PROCEDURAL HISTORY[2]

Several years ago, Cynthia sought protection under Chapter 13 of the U.S. Bankruptcy Code, 11 U.S.C. § 1301 *et seq.*, and discharged her debts and bankruptcy sometime in 2007. Doc. #32, ¶ 2, PAGEID #333. In 2014, Cynthia and Blue Ocean, her small business, applied for and were denied a small business loan, allegedly on the grounds that a consumer credit report, created by Equifax, stated that Plaintiff "was under Chapter 7 bankruptcy protection. The incorrect information was provided to Equifax by Ocwen." *Id.* Despite disputing the item on her credit report, neither Equifax nor Ocwen corrected the error, and, as a result, Plaintiffs claim that Cynthia and Blue Ocean were forced to turn down contracts "because they w[ere] unable to finance the vehicles needed to complete the contracts." *Id.*, PAGEID #334. Specifically, Cynthia and Blue Ocean were unable to fulfill or enter into contracts "with entities such as Buckeye Healthcare, Molina Health Care, and Montgomery County, Ohio to provide ambulance services in the metropolitan Dayton, Ohio area." Doc. #32, ¶ 154, PAGEID #350.

On April 28, 2016, Ronald and Cynthia filed a Motion for Leave to Add a Party and File a Second Amended Complaint, which would have the effect of adding Blue Ocean as a Plaintiff and adding a claim for Tortious Interference with Business Relationship and/or Contract as Count VI, Doc. #21; this Court sustained the motion in a notation order on May 2, 2016. On May 22, 2016, Ocwen and U.S. Bank filed the

---

[2] As Ocwen and U.S. Bank move to dismiss only Blue Ocean and Count VI, only those facts relevant to Count VI will be set forth. Moreover, because Ocwen and U.S. Bank's motion to dismiss is brought under Fed. R. Civ. P. 12(b)(6), the Court, for the purposes of the motion, must treat Plaintiff's well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

3

present motion. Doc. #22.³  On June 13, 2016, Plaintiffs filed their memorandum *contra*, clarifying that they "have not sought to recover business damages by way of claims for RESPA, FCRA and FDCPA.  Those claims and damages are specifically sought solely by . . . Ronald and Cynthia Lanton."  Doc. #27, PAGEID #294.  As Ronald and Cynthia had never sought to claim business damages against Ocwen and U.S. Bank for their alleged breach of contract with respect to the mortgage and note, Doc. #32, ¶¶ 142-52, PAGEID #349-50, Blue Ocean is a plaintiff only with respect to the claim for tortious interference.

II.    **LEGAL STANDARDS**

    A.    **Rule 12(b)(6) Standard**

Federal Rule of Civil Procedure 8(a) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  The complaint must provide the defendant with "fair notice of what the . . . claim is and the grounds upon which it rests."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).

Federal Rule of Civil Procedure 12(b)(6) allows a party to move for dismissal of a complaint on the basis that it "fail[s] to state a claim upon which relief can be granted."  The moving party "has the burden of showing that the opposing party has failed to adequately state a claim for relief."  *DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir.

---

³ Plaintiffs had attached a copy of the proposed Second Amended Complaint with their motion for leave, Doc. #21-1, and Plaintiffs, Ocwen and U.S. Bank fully briefed the motion to dismiss based on the proposed complaint.  However, the Second Amended Complaint was not formally filed and served until August 17, 2016.  Doc. #32.  Nonetheless, as the filed Second Amended Complaint is identical to the proposed such complaint, no further briefing is necessary.

4

2007) (citing *Carver v. Bunch*, 946 F.2d 451, 454-55 (6th Cir. 1991)). The purpose of a Rule 12(b)(6) motion to dismiss "is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). In ruling on a Fed. R. Civ. P. 12(b)(6) motion, the Court must "construe the complaint in the light most favorable to the plaintiff, accept its [well-pleaded] allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Handy-Clay v. City of Memphis*, 695 F.3d 531, 538 (6th Cir. 2012) (quoting *Treesh*, 487 F.3d at 476).

Nevertheless, to survive a Rule 12(b)(6) motion to dismiss, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Unless the facts alleged show that the plaintiff's claim crosses "the line from conceivable to plausible, [the] complaint must be dismissed." *Id*. Although this standard does not require "detailed factual allegations," it does require more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Id*. at 555. "Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). Legal conclusions "must be supported by well-pleaded factual allegations . . . [that] plausibly give rise to an entitlement of relief." *Id*. at 679. "Although for the purposes of this motion to dismiss we must take all the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986).

5

### B. Tortious Interference with Contract or Business Relationship

Ohio law recognizes claims both for tortious interference with contract and tortious interference with business relationship or opportunity. With respect to contracts already in existence, "the elements . . . are (1) the existence of a contract, (2) the wrongdoer's knowledge of the contract, (3) the wrongdoer's intentional procurement of the contract's breach, (4) the lack of justification, and (5) resulting damages." *Fred Siegel Co., L.P.A. v. Arter & Hadden*, 85 Ohio St. 3d 171, 176, 707 N.E.2d 853, (1999). Tortious interference with business relationships for which no formal contract has been entered into "generally occur[s] when a person, without a privilege to do so, induces or otherwise purposely causes a third person not to enter into or continue a business relation with another." *A&B-Abell Elevator Co. v. Columbus/Cent. Ohio Bldg. & Constr. Trades Council*, 73 Ohio St. 3d 1, 14, 651 N.E.2d 1283 (1995). Knowledge of the business relationship is essential: "Ohio law does not recognize negligent interference with a business relationship." *Wauseon Plaza Ltd. P'ship v. Wauseon Hardware Co.*, 156 Ohio App. 3d 575, 2004-Ohio-1661, 807 N.E.2d 953, ¶ 57 (6th Dist.) (citing *Diamond Wine & Spirits, Inc. v. Dayton Heidelberg Distrib. Co., Inc.*, 148 Ohio App. 3d 596, 2002-Ohio-3932, 774 N.E.2d 775, ¶23 (3d Dist.)).

### III. ANALYSIS

#### A. Plaintiffs have Failed to State a Claim for Tortious Interference or any Claim with Respect to Blue Ocean

In their motion, Ocwen and U.S. Bank claim that "Blue Ocean failed to state even the basic recitation of the necessary elements of its tortious interference claim." Doc. #22, PAGEID #268. Specifically, they note that the Second Amended Complaint fails to

6

allege the existence or breach of any specific contract; those failures, Ocwen and U.S. Bank argue, are fatal to Plaintiffs' tortious interference with contract claim.  *Id*.  Moreover, they argue that the allegations in the Second Amended Complaint regarding Cynthia and Blue Ocean being forced to turn down contracts renders Plaintiffs' tortious interference claim implausible, as the allegations permit no inference that Plaintiffs' prospective business partners themselves breached or refused to enter into any contract.  *Id*., PAGEID #269 (citing Doc. #32, ¶¶ 2, 83, PAGEID #334, 342); *see also A&B-Abell*, 73 Ohio St. 3d at 14 (emphasis added) (tortious interference claim requires that "<u>a third person</u> not . . . enter into or continue a business relation with another.").

Further, Ocwen and U.S. Bank claim that "nothing in the Second Amended Complaint would even allow this Court to speculate as to Ocwen's or U.S. Bank's knowledge of the alleged contracts or prospective relationships."  Doc. #22, PAGEID #269 (internal quotation marks and citation omitted).  Absent such knowledge, they argue, Plaintiffs cannot plausibly allege that either Ocwen or U.S. Bank undertook the alleged actions with the intent to interfere with Plaintiffs' contracts and prospective business relationships.  *Id*.  For those reasons, Ocwen and U.S. Bank claim, their motion should be sustained.  *Id*., PAGEID #270.

In their memorandum *contra*, Plaintiffs claim that allegations regarding Cynthia and Blue Ocean's prospective business partners at the time that they applied for a loan adequately identified the contracts or prospective business relationships at issue.  Doc. #27, PAGEID #298 (citing Doc. #32, ¶ 154, PAGEID #350).  Moreover, they claim that in

> [P]aragraphs 2, 83, 154 and 15[5] of the Second Amended Complaint . . . Plaintiffs repeatedly told Defendants that their failure to correct the credit

7

> reporting errors prevented Plaintiff from securing financing for vehicles necessary for Plaintiff to fulfill its current contracts as well as take advantage of current and offered business opportunities.

*Id.*, PAGEID #299.  Thus, Plaintiffs argue, Ocwen and U.S. Bank's "[c]hoosing not to act with knowledge of the devastating impact such a decision had on Plaintiffs meets every element of tortious interference with contract and business opportunities." *Id.*

Plaintiffs' arguments are belied by the pleadings.  As Ocwen and U.S. Bank point out, Plaintiffs' statement that they "repeatedly told Defendants that their failure to correct the credit reporting errors prevented Plaintiff from securing financing" do not appear anywhere in the Second Amended Complaint.  Doc. #28, PAGEID #304 (emphasis removed) (citing Doc. #27, PAGEID #299).  The purpose of a Rule 12(b)(6) motion is to test the sufficiency of the complaint, *Mayer*, 988 F.2d at 638, not to evaluate arguments raised in a memorandum *contra* that have no basis in the pleadings.  Accordingly, the Court may not consider Plaintiffs' statement that they informed Ocwen and U.S. Bank of their difficulties in securing financing in evaluating Ocwen and U.S. Bank's motion.

Plaintiffs, in the Second Amended Complaint, allege that:  (1) at the time they applied for the loan, Cynthia and Blue Ocean had contracts or prospective business relationships with Buckeye Healthcare, Molina Healthcare, and Montgomery County, Ohio; (2) Equifax, Ocwen and U.S. Bank's failure to correct inaccurate credit information caused Cynthia and Blue Ocean to be denied a loan; and (3) as a result of that denial, they could not enter into new contracts or fulfill existing ones.  Doc. #32, ¶¶ 2, 83, 154-55, PAGEID #333-34, 342, 350.  The Second Amended Complaint and its supporting exhibits are devoid of allegations that Ocwen and U.S. Bank had any knowledge of Plaintiffs' existing contracts or prospective business relationships.  Absent such knowledge, Plaintiffs may not plausibly allege that Ocwen and U.S. Bank intended to

cause a breach of any contracts that Cynthia and Blue Ocean had with third parties. Nor can they plausibly allege that Ocwen and U.S. Bank intended to induce Buckeye Healthcare, Molina Health Care or Montgomery County, Ohio, not to enter into contracts with Cynthia and Blue Ocean.

Plaintiffs have not met their burden of showing that they are entitled to relief with respect to their claim of Tortious Interference with Business Relationship/Contract. Accordingly, Ocwen and U.S. Bank's motion must be sustained, and Count VI is dismissed as against Ocwen and U.S. Bank.

### B. Count VI is Dismissed with Prejudice as against U.S. Bank, but without Prejudice as against Ocwen

Ocwen and U.S. Bank argue that Plaintiffs should not be granted further leave to amend with respect to their claim for tortious interference, due to "the significant hurdle posed by the fact that 'intent' is an essential element. The unreasonable line of inferences required to imagine that Ocwen or U.S. Bank acted with animus towards an unknown entity is illogical." Doc. #28, PAGEID #305-06. "[C]ourts need not give leave to amend when doing so would be futile. Amending would be futile if a proposed amendment would not survive a motion to dismiss." *SFS Check, LLC v. First Bank of Delaware*, 774 F.3d 351, 355 (6th Cir. 2014) (citations omitted). The allegations in the Second Amended Complaint purportedly supporting the claim for tortious interference arise out of Ocwen's alleged reporting of inaccurate information to Equifax, and Equifax and Ocwen's alleged repeated failure to correct the inaccurate information. Doc. #32, ¶¶ 2, 83, 154-55, PAGEID #334, 342, 350. The allegations do not permit a plausible inference that U.S. Bank ever reported any credit information to

9

Equifax; nor can the Court reasonably infer that U.S. Bank refused to correct any inaccurate information after being informed by Plaintiffs. In sum, Plaintiffs do not claim that U.S. Bank was involved in the conduct that allegedly caused interference with Cynthia and Blue Ocean's contracts or prospective business relationships, and thus, any renewed claim against U.S. Bank would not survive a motion to dismiss. Accordingly, Count VI is dismissed with prejudice as against U.S. Bank.

However, as discussed above, Plaintiffs did allege that Ocwen's reporting of inaccurate credit information, and refusal to correct that information, resulted in loss to Cynthia and Blue Ocean, and Plaintiffs, in their memorandum *contra*, claimed that they informed Ocwen of Cynthia and Blue Ocean's contracts and prospective business relationships, Doc. #27, PAGEID #299. Thus, there is a possibility that Plaintiffs could set forth a plausible claim for tortious interference against Ocwen. Given its strong preference for resolving claims on their merits, the Court will grant Plaintiffs <u>one final opportunity</u> to do so. Accordingly, Count VI is dismissed without prejudice as against Ocwen.

IV. **CONCLUSION**

For the foregoing reasons, Defendants Ocwen and U.S. Bank's Motion to Dismiss the Second Amended Complaint with Respect to Blue Ocean Ambulette Services, LLC, Doc. #22, is SUSTAINED. Count VI, Tortious Interference with Business Relationship/Contract, is dismissed with prejudice with respect to U.S. Bank and without prejudice with respect to Ocwen. Plaintiffs will have twenty-one (21) days from the date of this entry in which to file a third amended complaint, provided that they can set forth a

plausible claim for tortious interference with contract or business relationship, subject, of course, to the requirements of Fed. R. Civ. P. 11.  If Plaintiffs fail to file an amended complaint, or if the amended complaint fails to set forth a plausible claim, then the Court will dismiss Count VI against Ocwen with prejudice.

Date: September 8, 2016              *[signature]*
                                             WALTER H. RICE
                                             UNITED STATES DISTRICT JUDGE