IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

RONALD LANTON, *et al.*, :

    Plaintiffs, :

v. :

                                            Case No. 3:15-cv-372

OCWEN LOAN SERVICING, LLC, :   JUDGE WALTER H. RICE
*et al.*,

    Defendants. :

---

DECISION AND ENTRY SUSTAINING DEFENDANT OCWEN LOAN
SERVICING, LLC'S MOTION TO DISMISS COUNT SIX OF THE THIRD
AMENDED COMPLAINT (DOC. #45); PLAINTIFFS RONALD LANTON,
CYNTHIA LANTON AND BLUE OCEAN AMBULETTE SERVICES, LLC'S
CLAIM OF TORTIOUS INTERFERENCE WITH BUSINESS
RELATIONSHIP (COUNT SIX) IS DISMISSED WITH PREJUDICE AS
AGAINST OCWEN; JUDGMENT SHALL ULTIMATELY ENTER IN
FAVOR OF OCWEN AND AGAINST PLAINTIFFS AS TO COUNT SIX

---

On September 8, 2016, this Court sustained the partial motion to dismiss of Defendants Ocwen Loan Servicing, LLC ("Ocwen") and U.S. Bank National Association, as Trustee, for the C-BASS Mortgage Loan Asset Backed Certificates, Series 2007-RPI ("U.S. Bank"), dismissing Count Six of Plaintiffs' Second Amended Complaint, Tortious Interference with Business Relationship/Contract, Doc. #32, ¶¶ 153-58, PAGEID #350-51, with prejudice as against U.S. Bank and without prejudice as against Ocwen. Doc. #38, PAGEID #439. In so doing, the Court granted Plaintiffs Ronald Lanton ("Ronald"), Cynthia Lanton ("Cynthia"), and Blue Ocean Ambulette Services, LLC ("Blue Ocean") (collectively "Plaintiffs") "<u>one</u> <u>final</u> <u>opportunity</u> . . . [to] set forth a plausible claim for

tortious interference with contract or business relationship" against Ocwen. *Id.*, PAGEID #439-40 (emphasis in original).

On October 3, 2016[1], Plaintiffs filed their Third Amended Complaint, wherein Cynthia and Blue Ocean brought Count Six, Tortious Interference with Business Relationship, against Ocwen, alleging in relevant part[2] that:

> 161. "On or about December 10, 2013[,] Defendant U.S. Bank notified Blue Ocean and Cynthia Lanton that the application for a loan to purchase an ambulette was denied due to reporting by Defendants Equifax and Ocwen that Cynthia Lanton had filed for Chapter 7 bankruptcy.";
>
> 163. "On or about June 2, 2014[,] Cynthia Lanton obtained a copy of her credit report from Defendant Equifax which showed that Defendant Ocwen reported to Defendant Equifax the status of Cynthia Lanton's Mortgage as an 'Account Included In Bankruptcy.'";
>
> 165. "Upon learning of the denial of Blue Ocean's small business auto loan and of the incorrect information contained in her June 2, 2014 credit report, Cynthia Lanton contacted Defendants U.S. Bank, Equifax and Ocwen and advised them that the information in her credit report was incorrect and requested that these Defendants take action to correct her credit report.";
>
> 166. "Cynthia Lanton repeatedly contacted and advised Defendants U.S. Bank, Equifax and Ocwen that Blue Ocean's small business auto loan was denied as a result of the incorrect information contained in her credit report and that the denial of this loan caused the . . . entities not to enter into or continue a business relationship with Blue Ocean.";
>
> 169. "Ocwen failed to take any steps to investigate Cynthia Lanton's claims and/or correct her credit report despite its knowledge that this inaccurate credit information had prevented Blue Ocean from securing the financing necessary to obtain additional vehicles and caused damage and injury to Blue Ocean's existing and prospective business relationships.";

---

[1] The Court, in its September 8, 2016, Entry, ordered Plaintiffs to file their Third Amended Complaint within twenty-one days of the Entry. Doc. #38, PAGEID #439. Under the version of Fed. R. Civ. P. 5(b)(2)(E) and 6(d) then in effect, Plaintiffs were required to file the Complaint within twenty-four days of the Entry, and October 3, 2016, was the first business day after the twenty-fourth day. Thus, despite Ocwen's assertion to the contrary, Doc. #45, PAGEID #535 n.1, Plaintiffs' filing was timely.

[2] The Court's September 8, 2016, Entry set forth in detail the facts underpinning Plaintiffs' other claims, and the procedural history to that point. Doc. #38, PAGEID #430-33. The Court incorporates that discussion by reference, and sets forth additional facts only where relevant.

2

> 170. "Ocwen was and is under an obligation under the FCRA to accurately report Cynthia Lanton's credit history to Equifax, as well as to investigate her claims about inaccurate reporting in her credit report."; and
>
> 171. "Ocwen intentionally and purposefully failed to accurately report Cynthia Lanton's credit history to Equifax and/or investigate her claims of inaccurate information knowing that it was causing damage and injury to Blue Ocean's existing and prospective business relationships."

Doc. #42, PAGEID #475-78.[3]

Ocwen now moves to dismiss Count Six with prejudice. Doc. #45. For the reasons set forth below, its Motion is SUSTAINED.

I. **LEGAL STANDARDS**

A. **Rule 12(b)(6) Standard**

Federal Rule of Civil Procedure 8(a) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The complaint must provide the defendant with "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).

Federal Rule of Civil Procedure 12(b)(6) allows a party to move for dismissal of a complaint on the basis that it "fail[s] to state a claim upon which relief can be granted." The moving party "has the burden of showing that the opposing party has failed to adequately state a claim for relief." *DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007) (citing *Carver v. Bunch*, 946 F.2d 451, 454-55 (6th Cir. 1991)). The purpose of a

---

[3] As Ocwen's motion to dismiss is brought under Fed. R. Civ. P. 12(b)(6), the Court, for the purposes of the motion, must treat Plaintiff's well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

3

Rule 12(b)(6) motion to dismiss "is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). In ruling on a Fed. R. Civ. P. 12(b)(6) motion, the Court must "construe the complaint in the light most favorable to the plaintiff, accept its [well-pleaded] allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Handy-Clay v. City of Memphis*, 695 F.3d 531, 538 (6th Cir. 2012) (quoting *Treesh*, 487 F.3d at 476).

Nevertheless, to survive a Rule 12(b)(6) motion to dismiss, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Unless the facts alleged show that the plaintiff's claim crosses "the line from conceivable to plausible, [the] complaint must be dismissed." *Id.* Although this standard does not require "detailed factual allegations," it does require more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Id.* at 555. "Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). Legal conclusions "must be supported by well-pleaded factual allegations . . . [that] plausibly give rise to an entitlement of relief." *Id.* at 679. "Although for the purposes of this motion to dismiss we must take all the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986).

### B. Tortious Interference with Business Relationship

Tortious interference with a business relationship "generally occur[s] when a person, without a privilege to do so, induces or otherwise purposely causes a third person not to enter into or continue a business relation with another." *A&B-Abell Elevator Co. v. Columbus/Cent. Ohio Bldg. & Constr. Trades Council*, 73 Ohio St. 3d 1, 14, 651 N.E.2d 1283 (1995). To be liable, a tortfeasor must have knowledge of the business relationship at the time of the alleged interference: "Ohio law does not recognize negligent interference with a business relationship." *Wauseon Plaza Ltd. P'ship v. Wauseon Hardware Co.*, 156 Ohio App. 3d 575, 2004-Ohio-1661, 807 N.E.2d 953, ¶ 57 (6th Dist.) (citing *Diamond Wine & Spirits, Inc. v. Dayton Heidelberg Distrib. Co., Inc.*, 148 Ohio App. 3d 596, 2002-Ohio-3932, 774 N.E.2d 775, ¶23 (3d Dist.)); *accord*: RESTATEMENT (SECOND) OF TORTS, § 766 cmt. i (even if the tortfeasor's "conduct is in fact the cause of another's failure to perform . . . , the actor does not induce or otherwise intentionally cause that failure if he has no knowledge of the [relationship].").

## II. PLAINTIFFS HAVE FAILED TO STATE A PLAUSIBLE CLAIM OF TORTIOUS INTERFERENCE AGAINST OCWEN

In its Motion, Ocwen and U.S. Bank claims that the Third Amended Complaint suffers from the same deficiency as the Second Amended Complaint: "a failure to allege that Ocwen had knowledge of Plaintiffs' contracts or business relationships <u>at or before the time it committed the purported wrongdoing</u>." Doc. #45, PAGEID #537 (emphasis in original). Ocwen notes, correctly, that it was only after U.S. Bank denied Cynthia and Blue Ocean's loan application and produced a copy of Cynthia's Equifax

5

credit report that Cynthia contacted Ocwen about the allegedly inaccurate information on her report, and informed Ocwen that she and Blue Ocean had lost out on business opportunities as a result of the loan denial, which was caused by the inaccurate information on her report. *Id.*, PAGED #537-38 (citing Doc. #42, ¶¶ 165-69, PAGEID #477-78). Further, the Third Amended Complaint lacks any allegations that Ocwen, at the time it allegedly furnished inaccurate information about Cynthia to Equifax, had any knowledge of Cynthia and Blue Ocean's business relationships; indeed, no reasonable reading of the Complaint permits such an inference. Absent knowledge of those business relationships, Ocwen, through its initial reporting, could not have intentionally induced those third parties to terminate or refuse to enter into business relationships with Cynthia and Blue Ocean. *See* RESTATEMENT (SECOND) OF TORTS, § 766 cmt. h ("[t]he essential thing is the intent to cause the result. If the actor does not have this intent, his conduct does not subject him to liability under this rule even if it has the unintended effect of deterring the third person from dealing with the other.").

Plaintiffs claim that, even if Ocwen did not have knowledge of those actual or potential business relationships at the time of its initial reporting of the bankruptcy information, it was aware of the relationships when it refused to correct the inaccurate information about Cynthia's bankruptcy. Ocwen's refusal to correct, Plaintiffs argue, caused those third parties to terminate or not to enter into business with Cynthia and Blue Ocean. Doc. #53, PAGEID #592-93 (citing Doc. #42, ¶¶ 165-66, 169, 171, PAGEID #477-78). Plaintiffs' argument is not supported by the Third Amended Complaint. Plaintiffs do not allege, for example, that U.S. Bank would approve the loan if Ocwen investigated Cynthia's complaint or corrected the information. Nor do they

6

allege that the entities identified in the Complaint were willing to re-enter into relationships with Cynthia and Blue Ocean if the loan were approved. Their allegation that Ocwen "failed to . . . investigate [Cynthia's] claims of inaccurate information knowing that it was causing damage and injury to Blue Ocean's existing and prospective business relationships[,] Doc. #42, ¶ 171, PAGEID #478, is wholly conflated with their claim that Ocwen "failed to accurately report Cynthia Lanton's credit history to Equifax[,]" *id.*, which, Plaintiffs allege, caused the exact same damage. In sum, Plaintiffs have not alleged that Ocwen's refusal to investigate Cynthia's complaint or correct the information—independent of any initial inaccurate reporting—caused any entity to terminate its relationship with Cynthia and Blue Ocean, or to refuse to enter a relationship with them. This lack of causation is fatal to their claim of tortious interference as against Ocwen.

Finally, Plaintiffs' claim that Ocwen's duties under the Fair Credit Reporting Act of 1970 ("FCRA"), 15 U.S.C. §1681 *et seq.*, can form the basis for a claim for tortious interference, Doc. #53, PAGEID #593 (citing Doc. #42, ¶ 170, PAGEID #478), has no basis in the law. The FCRA protects <u>consumers</u> from <u>consumer-related</u> losses arising out of inaccurate credit reporting. Businesses and business transactions are expressly exempt from coverage. 15 U.S.C. §§ 1681a(c), (d)(1) (A) (emphasis added) (defining "consumer" as an "individual," and a "consumer report" as "communication of any information by a consumer reporting agency . . . used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for credit or insurance to be used primarily for <u>personal, family or household purposes</u>."); *see also*: Cong. Rec. H10052, H10053 (Oct. 13, 1970) (statement of Rep. Sullivan) (stating that

7

the drafters of the FCRA "always made clear that we were not interested in extending this law to credit reports for business credit or business insurance."). Thus, under the FCRA, Ocwen owed no duty at all to Blue Ocean, and owed no duty to Cynthia as to the information on her Equifax credit report in connection with the loan application at issue.

As Plaintiffs have failed to allege that Ocwen's refusal to investigate or correct inaccurate credit information caused any third party to refuse to do business with Cynthia and Blue Ocean, they have not set forth a plausible claim for tortious interference with a business relationship. Thus, Count Six of the Third Amended Complaint must be dismissed with prejudice as against Ocwen.[4]

### III. CONCLUSION

For the foregoing reasons, Ocwen's Motion to Dismiss Count Six of the Third Amended Complaint, Doc. #45, is SUSTAINED. Plaintiffs' claim of tortious interference with business relationships is dismissed with prejudice as against Ocwen. Judgment shall ultimately enter in favor of Ocwen and against Plaintiffs on Count Six.[5]

Date: February 15, 2017

                                  *(signature)*
                                  WALTER H. RICE
                                  UNITED STATES DISTRICT JUDGE

---

[4] Accordingly, the Court need not address Ocwen's argument that it is not liable because it did not act maliciously. Doc. #45, PAGEID #537 (citing *Dolan v. Glouster*, 173 Ohio App. 3d 617, 2007-Ohio-6275, 879 N.E.2d 838, ¶ 34 (4th Dist.)).

[5] In accordance with the Court's September 8, 2016, Entry, Doc. #38, PAGEID #439, judgment shall also ultimately enter in favor of U.S. Bank and against Plaintiff on Count Six.

8