IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

RONALD LANTON, et al., :

    Plaintiffs,

    v. :

                                          Case No. 3:15-cv-372

OCWEN LOAN SERVICING, LLC, :   JUDGE WALTER H. RICE
et al.,

    Defendants. :

---

DECISION AND ENTRY SUSTAINING IN PART AND OVERRULING IN
PART PLAINTIFFS RONALD LANTON, CYNTHIA LANTON AND BLUE
OCEAN AMBULETTE, LLC'S MOTION FOR LEAVE TO WITHDRAW
AND AMEND RESPONSES TO DEFENDANT EQUIFAX INFORMATION
SERVICES LLC'S FIRST REQUESTS FOR ADMISSION (DOC. #57);
PLAINTIFFS' REQUEST TO DEFER RULING PURSUANT TO RULE
56(d) (DOC. #58) IS OVERRULED; EQUIFAX'S MOTION FOR
SUMMARY JUDGMENT (DOC. #51) IS SUSTAINED; JUDGMENT
SHALL ULTIMATELY ENTER IN FAVOR OF EQUIFAX AND AGAINST
PLAINTIFFS ON PLAINTIFFS' CLAIM TWO

---

In their Third Amended Complaint, Plaintiffs, Ronald Lanton ("Ronald"), Cynthia Lanton ("Cynthia") and Blue Ocean Ambulette Services, LLC ("Blue Ocean") (collectively "Plaintiffs"), allege that Defendant, Equifax Information Services LLC ("Equifax"), through its alleged inaccurate reporting of credit information and failure to correct that information, violated the Fair Credit Reporting Act of 1970 ("FCRA"), 15 U.S.C. § 1681 *et seq.* (Claim Two), and tortuously interfered with Cynthia and Blue Ocean's business relationships (Claim Six). Doc. #42. Equifax propounded discovery

requests, including Requests for Admission ("RFAs"), upon Plaintiffs, but Plaintiffs did not respond to the RFAs within the time allotted under Rule 36(a)(3).

Equifax then moved for summary judgment on Claim Two, Plaintiffs' FCRA claim, Doc. #51, and attached as an exhibit the RFAs, Doc. #51-1, the subject matter of which, by operation of law, had been deemed admitted by Plaintiffs. Fed. R. Civ. P. 36(a)(3). Plaintiffs subsequently filed a Motion for Leave to Withdraw and Amend Responses to Equifax's RFAs ("Motion to Amend"). Doc. #57 (citing Fed. R. Civ. P. 36(b)). Also, Plaintiffs requested, pursuant to Rule 56(d), that the Court defer ruling on the Motion for Summary Judgment until further discovery could be completed. Doc. #58. For the reasons set forth below, Plaintiffs' Motion to Amend is SUSTAINED IN PART AND OVERRULED IN PART, their request for additional time to complete discovery is OVERRULED, and Equifax's Motion for Summary Judgment on Claim Two is SUSTAINED.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY[1]

Several years ago, Cynthia sought protection under Chapter 13 of the U.S. Bankruptcy Code, 11 U.S.C. § 1301 *et seq.*, and discharged her debts and bankruptcy sometime in 2007. Doc. #42, ¶ 2, PAGEID #458. In 2014, Cynthia and Blue Ocean, a small business owned wholly by Cynthia, applied for and were denied a small business loan, allegedly on the grounds that a credit report, created by Equifax, stated that Cynthia "was under Chapter 7 bankruptcy protection." *Id.* "In or about February of

---

[1] Equifax, in its Motion, did not set forth any undisputed facts; nor did they, for the purposes of the motion, challenge the truthfulness of the facts alleged in the Third Amended Complaint as to Equifax's alleged liability. Moreover, Plaintiffs, in their memorandum *contra*, did not set forth facts apart from their allegations in the Third Amended Complaint. Thus, the Court, for the purposes of the Motion for Summary Judgment, treats as undisputed the facts set forth in this section of the opinion.

2014, Cynthia Lanton sent Equifax a Dispute Letter," regarding the inaccurate bankruptcy information, "which appeared on her . . . credit report." *Id.*, ¶ 71, PAGEID #465. On or about March 18, 2014, Equifax responded to Cynthia, informing her that it had contacted Defendant Ocwen Loan Servicing, LLC ("Ocwen"), which had furnished the bankruptcy information to Equifax, but that Ocwen verified to Equifax that the bankruptcy information was accurate. *Id.*, ¶¶ 73, 76-77, PAGEID #466. Equifax did not remove or modify the information on Cynthia's credit report; as a result, she and Blue Ocean "were denied small business loans on at least two occasions," *id.*, ¶ 81, and consequently, they "were forced to turn down several lucrative contracts." *Id.*, ¶ 2, PAGEID #459.

On September 14, 2016, Equifax propounded discovery requests, including the RFAs, upon Plaintiffs. Doc. #51, PAGEID #574; Doc. #51-1. Pursuant to the versions of Rules 6 and 36 in effect at the time, Plaintiffs' responses were due to Equifax no later than October 17, 2016. On October 3, 2016, Plaintiffs filed their Third Amended Complaint, in which Cynthia brought an FCRA claim against Equifax (Claim Two), Doc. #42, ¶¶ 107-14, PAGEID #469-71, and Cynthia and Blue Ocean brought a claim of Tortious Interference with Business Relationship against Equifax (Claim Six). *Id.*, ¶¶ 151-73, PAGEID #475-78. On November 15, 2016, having received no response to the RFAs from Plaintiffs, Equifax filed its Motion for Summary Judgment. Doc. #51. On December 21, 2016, Plaintiffs filed their Motion to Amend. Doc. #57.

## II. LEGAL STANDARDS

### A. Leave to Withdraw or Amend Responses to Requests for Admission

The subject matter of a request for admission is deemed "admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Fed. R. Civ. P. 36(a)(3).

> A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended. Subject to Rule 16(e), the court may permit withdrawal or amendment if [: (1)] it would promote the presentation of the merits of the action[;] and [(2)] if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits.

Fed. R. Civ. P. 36(b). "A '[D]istrict [C]ourt has considerable discretion over whether to permit withdrawal or amendment of admissions.'" *Kerry Steel, Inc. v. Paragon Indus., Inc.*, 106 F.3d 147, 154 (6th Cir. 1997) (quoting *American Auto. Ass'n v. AAA Legal Clinic of Jefferson Crooke, P.C.*, 930 F.3d 1117, 1119 (5th Cir. 1991)). As to the first prong under Rule 36(b), the movant has the burden to show that "upholding the admission would practically eliminate any presentation on the merits of the case." *Bell v. Konteh*, 253 F.R.D. 413, 415 (N.D. Ohio 2008) (quoting *Riley v. Kurtz*, No. 98-1077, 194 F.3d 1313 (TABLE), 1999 WL 801560, at *3 (6th Cir. Sept. 28, 1999); *Hadley v. United States*, 45 F.3d 1345, 1348 (9th Cir. 1995)). If the movant can make such a showing, then the non-movant must show that it would be prejudiced by withdrawal or amendment.

> "The prejudice contemplated by Rule 36(b) is not simply that the party who initially obtained the admission will now have to convince the fact finder of its truth." Prejudice under Rule 36(b), rather, "relates to special difficulties a party may face caused by a sudden need to obtain evidence upon withdrawal or amendment of an admission."

4

*Kerry Steel*, 106 F.3d at 154 (quoting *American Auto.*, 930 F.3d at 1120; *Brook Vill. N. Ass'n v. Gen. Elec. Co.*, 686 F.2d 66, 70 (1st Cir. 1982)).

### B.  Summary Judgment Standard

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).  The moving party always bears the initial responsibility of informing the court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact. *Id.* at 323; *see also Boretti v. Wiscomb*, 930 F.2d 1150, 1156 (6th Cir. 1991).

Once the moving party has met its initial burden, the nonmoving party must present evidence that creates a genuine issue of material fact making it necessary to resolve the difference at trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).  Once the burden of production has so shifted, the party opposing summary judgment cannot rest on its pleadings or merely reassert its previous allegations.  It is not sufficient to "simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).  Rule 56 requires the nonmoving party to go beyond the pleadings and present some type of evidentiary material in support of its position. *Celotex*, 477 U.S. at 324.  "The plaintiff must present more than

5

a scintilla of evidence in support of his position; the evidence must be such that a jury could reasonably find for the plaintiff." *Michigan Prot. & Advocacy Serv., Inc. v. Babin*, 18 F.3d 337, 341 (6th Cir. 1994).

"Summary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. In determining whether a genuine dispute of material fact exists, a court must assume as true the evidence of the nonmoving party and draw all reasonable inferences in favor of that party. *Id.* at 255. If the parties present conflicting evidence, a court may not decide which evidence to believe. Credibility determinations must be left to the fact-finder. 10A Wright, Miller & Kane, *Federal Practice and Procedure Civil 3d*, 2726 (1998).

In determining whether a genuine dispute of material fact exists, a court need only consider the materials cited by the parties. Fed. R. Civ. P. 56(c)(3). "A district court is not . . . obligated to wade through and search the entire record for some specific facts that might support the nonmoving party's claim." *InterRoyal Corp. v. Sponseller*, 889 F.2d 108, 111 (6th Cir. 1989), *cert. denied*, 494 U.S. 1091 (1990). However, if it so chooses, the court may consider other properly presented materials in the record. Fed. R. Civ. P. 56(c)(3).

### C. Fair Credit Reporting Act

Equifax is considered a consumer reporting agency ("CRA") as defined by the FCRA. 15 U.S.C. § 1681a(f). As such, it has certain obligations with respect to consumer reports, which are defined in the FCRA as credit reports used "in whole or in part for the purpose of serving as a factor in establishing the <u>consumer's</u> eligibility for—

6

(A) credit or insurance to be used primarily for <u>personal, family, or household purposes</u>;

(B) employment purposes; or

(C) any other purpose authorized under section 1681b of this title."

15 U.S.C. § 1681a(d)(1) (emphasis added).

Plaintiff, in Claim Two, alleges that Equifax violated two of its duties under the FCRA. Doc. #42, ¶¶ 109-10, PAGEID #470. <u>First</u>, when Equifax "<u>prepares a consumer report</u>[,] it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b) (emphasis added). <u>Second</u>:

> [I]f the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file.

15 U.S.C. §1681i(a)(1)(A).

### III. MOTION FOR LEAVE TO WITHDRAW OR AMEND

In their Motion to Amend, Plaintiffs argue that Equifax's motion for summary judgment is premised entirely on the deemed-admitted RFAs. "Specifically, Equifax argues [that] Plaintiffs admit that[: ]Equifax did not violate the FCRA; Equifax did not willfully violate the FCRA; Plaintiffs did not sustain actual damages; and all of Plaintiffs' claimed damages were incurred by a business entity, rather than the consumers personally." Doc. #57, PAGEID #609 (citation omitted). Plaintiffs state that they provided responses to Equifax's RFAs prior to filing the Motion to Amend on December

7

21, 2016, *id.*, meaning that the responses were roughly sixty days overdue. Equifax counters that Plaintiffs only provided responses from Cynthia on December 21, 2016, and that they did not provide responses from Ronald until January 13, 2017. Doc. #62-2, PAGEID #650. Further, Equifax claims that Plaintiffs have misled the Court regarding their diligence in prosecuting their claims; consequently, Equifax argues, Plaintiffs conduct dictates that the Motion to Amend be overruled. Doc. #58, PAGEID #631-32 (*Vaughan v. Meridian Nat'l Corp. (In re Ottawa River Steel)*, 324 B.R. 636, 640 (N.D. Ohio 2005); *Conlon v. United States*, 474 F.3d 616, 625 (9th Cir. 2007)). Finally, Equifax argues that if the Court were to sustain the Motion to Amend, it "will be required to embark upon a protracted effort to compel Plaintiffs to respond to Equifax's discovery requests in order to obtain the discovery Equifax requires to defend itself against Plaintiffs' claims." *Id.*, PAGEID #631.

As to Ronald's responses, the Court notes that the two claims Plaintiffs bring against Equifax, Claims Two (FCRA violation) and Six (Tortious Interference with Business Relationship) are brought by Cynthia only and Cynthia and Blue Ocean, respectively. Doc. #42, ¶¶ 107-14, 151-73, PAGEID #469-71, 475-78.[2] It is undoubtedly true that Plaintiffs cannot prove that allowing Ronald to amend his responses "would promote the presentation of the merits of the action[,]" Fed. R. Civ. P.

---

[2] Equifax, in its Motion for Summary Judgment, moved that "the case [against Equifax] be dismissed with prejudice." Doc. #51, PAGEID #570. Also, in a February 14, 2017, conference call, Equifax indicated its position that, if the Court were to grant its Motion, Equifax would be dismissed from the case entirely. However, Blue Ocean and Cynthia brought Claim Six, Tortious Interference with Business Relationship, against Equifax and Ocwen. Doc. #42, ¶¶ 151-73, PAGEID #475-78, and Equifax answered those portions of Claim Six that were specifically directed to it. Doc. #46, ¶¶ 161, 163-64, 166-68, PAGEID #554-55. However, Equifax has not moved for judgment on Claim Six under Rule 12(c) or 56, and that claim remains pending against Equifax.

36 (b), because there is no action between Ronald and Equifax. Accordingly, Plaintiffs' Motion to Amend is overruled as to Ronald.

As to Cynthia's responses, the Court notes that Plaintiffs' counsel, beginning in September 2016, was "tending to the health and treatment need [sic] of a family member in the Cleveland area. As a consequence [he states], I have been out of my Columbus office for extended periods of time . . . [, which] prevented me from providing timely responses to Equifax's Requests for Admissions." Doc. #58-1, ¶ 14, PAGEID #625. In a perfect world, Plaintiffs' counsel would have asked another attorney at his firm to enter an appearance on Plaintiffs' behalf, and assigned that attorney to manage responses to discovery in counsel's absence. Further, the Court agrees with Equifax that submitting responses sixty days past the due date is a substantial delay. Nonetheless, the familial situation faced by Plaintiffs' counsel, along with fundamental human decency, compels the Court to conclude that good cause exists for that delay.

Further, the subject matter of many of the RFAs pertain to whether there were any inaccuracies in Cynthia's Equifax credit file, or to the damages she suffered as a result of Equifax's alleged misconduct. Doc. #51-1. Thus, allowing amendment of these answers will preserve Plaintiffs' ability to litigate the merits on both liability and damages as to its claims against Equifax. *Riley*, 1999 WL 801560, at *3. Given the Court's strong preference for resolving cases on their merits, *U.S. v. Thirty-Four Thousand Nine Hundred Twenty-Nine and 00/100 Dollars in U.S. Currency*, No. 2:09-cv-734, 2010 WL 481250 (S.D. Ohio Feb. 5, 2010) (Frost, J.) (quoting *U.S. v. Thirty-Nine Thousand Four Hundred Eighty and 00/100 Dollars in U.S. Currency*, 190 F. Supp.

9

2d 929, 933 (W.D. Tex. 2002)), the Court concludes that Plaintiffs have met their burden for the first prong of Rule 36(b).

Equifax cannot meet its burden for the second prong of Rule 36(b) of showing that withdrawal and amendment of the responses would prejudice it in defending against Plaintiffs' claims. As discussed below, Plaintiffs' Claim Two fails as a matter of law, irrespective of Cynthia's responses. As to Claim Six, the Court anticipates issuing a new scheduling order with a new discovery cutoff date, and there are other ways to assess any damages that Cynthia and Blue Ocean may have suffered as a result of Equifax's alleged tortious interference with business relationships; specifically, Equifax could depose Cynthia, or propound requests for production of documents upon Cynthia and Blue Ocean to discover the sources of their alleged losses. In sum, allowing Plaintiffs to withdraw and amend responses as to Cynthia causes Equifax no "special difficulties" sufficient for a showing of prejudice under Rule 36(b). *Kerry Steel*, 106 F.3d at 154. Accordingly, the Motion to Withdraw and Amend is sustained as to Cynthia.

## IV. MOTION FOR SUMMARY JUDGMENT

Equifax claims that, even if the deemed-admitted RFAs are withdrawn, Cynthia still does not have a viable FCRA claim against Equifax. In support, Equifax notes that the damages that Cynthia allegedly suffered were business damages, which are not recoverable under the FCRA. Doc. #51, PAGEID #578; Doc. #60, PAGEID #635. Plaintiffs do not respond to Equifax's argument, or make any argument whatsoever about Cynthia's damages. Their failure to do so is fatal to their FCRA claim.

10

Plaintiffs concede in their Third Amended Complaint that Cynthia's Equifax credit report was provided to a prospective lender in connection with an application "for a small business loan." Doc. #42, ¶ 2, PAGEID #458. Yet, business transactions are expressly beyond from the FCRA's scope. *See* Cong. Rec. H10052, H10053 (Oct. 13, 1970) (statement of Rep. Sullivan) (stating that the drafters of the FCRA "always made clear that we were not interested in extending this law to credit reports for business credit or business insurance."). The fact that Cynthia's personal credit report is the subject of the claim does not make that report into a consumer report, such that Equifax could be liable under the FCRA for any inaccuracies in that report. *See, e.g., Mathews v. Worthen & Trust Co.*, 741 F.2d 217, 219 (8th Cir. 1984); *Grigoryan v. Experian Info. Solutions, Inc.*, 84 F. Supp. 3d 1044, 1080 (C.D. Cal. 2014); *Stich v. BAC Home Loans Servicing, LP,* No. CV 10-01106-CMA-MEH, 2011 WL 1135456, at *4 (D. Colo. Mar. 29, 2011); *George v. Equifax Mortgage Servs.*, No. 06-CV-971(DLI) (LB), 2010 WL 3937308, at *2 (E.D.N.Y. Oct. 5, 2010) (holding that a credit report generated for business purposes is not a consumer report, even if the credit report at issue concerned an individual, rather than a business). Cynthia does not allege that Equifax produced any other credit report containing the inaccurate information, much less one that would constitute a consumer report. Accordingly, Equifax's initial reporting—even if inaccurate—cannot form the basis for relief under 15 U.S.C. §1681e(b), and Equifax's Motion for Summary as to that portion of Claim Two must be sustained.

As the inaccurate information at issue involved a bankruptcy line-item in Cynthia's credit file, Plaintiffs' allegations that Equifax failed to remove or correct the inaccurate information, and failed to conduct a lawful investigation upon Cynthia's

dispute of the line-item could be actionable under the FCRA. Doc. #42, ¶ 110, PAGEID #470; 15 U.S.C. § 1681i. However, to avoid summary judgment, Cynthia still must proffer some evidence that she suffered consumer-related damages. She has not done so. Plaintiffs allege that, as a result of Equifax's failure to remove or correct the line-item, she and Blue Ocean were denied additional loans and were forced to turn down multiple contract offers. *Id.*, ¶¶ 81-82, PAGEID #466-67. Those alleged losses are business damages, and are not recoverable under the FCRA. Plaintiffs further allege that Cynthia "suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials," *id.*, ¶ 111, PAGEID #470, all of which would be recoverable damages if they were consumer-related. Yet, when faced with Equifax's argument that Cynthia had suffered no cognizable damages under the FCRA, Doc. #51, PAGEID #578-79, Plaintiffs failed to argue in their memorandum *contra*, much less proffer evidence, that Cynthia suffered any damages in her capacity as an individual consumer. Doc. #58.

In their memorandum, Plaintiffs request that, under Rule 56(d), the Court delay its decision on Equifax's Motion until they can conduct additional discovery. Doc. #58, PAGEID #618. They argue that "Equifax is in control of the facts sufficient for Plaintiffs to oppose Equifax's Motion for Summary Judgment, including but not limited to Plaintiffs' contact and efforts to notify with [*sic*] Equifax of reporting errors to Plaintiffs' credit report and history." Doc. #58-1, ¶ 18, PAGEID #625. However, none of the specific discovery sought, *id.*, ¶ 20, PAGEID #626, pertains to the issue of damages. Indeed, Plaintiffs concede that their reason for requesting additional discovery is that

12

they "have virtually no facts regarding Equifax's internal operation and procedure," and that they believe that, with the desired discovery, they can "discern when, and how, Equifax decided to report on Plaintiffs' credit. " Doc. #58, PAGEID #620 (citing Doc. #58-1, ¶¶ 18, 20-21, 23 PAGEID #625-26). Plaintiffs do not contend that Equifax has in its exclusive possession evidence of consumer damages that Cynthia suffered. The absence of any such evidence means that Plaintiffs cannot prevail on Claim Two.[3] As the additional discovery sought would not change the outcome, *Plott v. Gen. Motors Corp., Packard Elec. Div.*, 71 F.3d 1190, 1196–97 (6th Cir.1995) (internal citations omitted), Plaintiffs' request under Rule 56(d) is overruled, and Equifax's Motion for Summary Judgment is sustained in full as to Claim Two.

## V.     CONCLUSION

For the foregoing reasons, the Court SUSTAINS IN PART and OVERRULES IN PART Plaintiffs' Motion to Amend. Doc. #57. Cynthia's deemed-admitted responses to the Requests for Admission are ordered withdrawn and substituted with the responses already provided by Cynthia to Equifax; Ronald shall not be permitted to withdraw or amend his deemed-admitted responses. The Court SUSTAINS Equifax's Motion for Summary Judgment, Doc. #51, and OVERRULES Plaintiff's Rule 56(d) request for additional time to complete discovery. Doc. #58. Plaintiffs' Claim Two is DISMISSED

---

[3] Plaintiffs allege Cynthia is entitled to "statutory damages of at least $1,000[.]" Doc. #42, ¶ 114, PAGEID #470 (citing 15 U.S.C. § 1681n(a)(1)(A)). However, the Supreme Court, in *Spokeo, Inc. v. Robins*, held that an alleged willful violation of the FCRA (which, if proven, could entitle a plaintiff to statutory damages), was not sufficient to confer standing unless a plaintiff had suffered a cognizable injury in fact. --- U.S. ----, 136 S.Ct. 1540, 194 L.Ed.2d 635 (2016). As Cynthia has not proffered evidence that she suffered any cognizable injury under the FCRA, she would not entitled to statutory damages even if Equifax willfully violated the statute.

WITH PREJUDICE, and judgment shall ultimately in favor of Equifax and against Plaintiffs on that claim. Plaintiffs' Claim Six remains pending against Equifax.

Date: April 17, 2017

WALTER H. RICE
UNITED STATES DISTRICT JUDGE