IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

RONALD LANTON, et al.,

    Plaintiffs,

v.

OCWEN LOAN SERVICING, LLC., et al.,

    Defendants.

Case No. 3:15-cv-372

JUDGE WALTER H. RICE

---

DECISION AND ENTRY VACATING ORDER OF JULY 25, 2023, DOC. #140, NUNC PRO TUNC AUGUST 29, 2023; SUSTAINING PLAINTIFFS' MOTION TO AMEND/CORRECT THE MOTION FOR SUBSTITUTION, DOC. #149; SUSTAINING PLAINTIFFS' MOTION FOR LEAVE TO FILE A REPLY, DOC. #157; VACATING COURT'S FINDINGS SUBSEQUENT TO THE SUGGESTION OF DEATH, DOC. #135, EXCEPT FOR THE ORDER GRANTING THE SUBSTITUTION, DOC. #145; PARTIES HAVE FOURTEEN (14) DAYS TO REBRIEF THEIR ARGUMENTS REGARDING SUMMARY AND PARTIAL SUMMARY JUDGMENT AND SEVEN (7) DAYS THEREAFTER TO FILE REPLY MEMORANDA

---

Following this Court's oral decision during a telephone conference call between the Court and counsel on August 29, 2023,[1] vacating its previous order of July 25, 2023, Doc. #140, this matter returns before the Court pursuant to three collections of motions.

First are the previously submitted Motion for Summary Judgment filed by Defendants, Ocwen Loan Servicing, LLC ("Ocwen"), and U.S. Bank, N.A., as

---

[1] While the order was orally delivered, to complete the record the Court explicitly notes the vacatur here.

Trustee for the C-BASS Mortgage Loan Asset Backed Certificates, Series 2007-RPI ("U.S. Bank") (collectively "Defendants"), Doc. #95, and a Motion for Partial Summary Judgment filed by Plaintiffs, Ronald Lanton ("Mr. Lanton") and Cynthia Lanton ("Mrs. Lanton") (collectively "Plaintiffs" or "the Lantons"). Doc. #97. Supporting those motions are Defendants' Supplemental Briefing on the RESPA Issue, Doc. #123; Plaintiffs' Supplemental Briefing in Support of Plaintiffs' Motion for [Partial] Summary Judgment, Doc. #124; both parties' replies, Doc. ##126 & 127; and, pursuant to the Court's Entry and Order, Doc. #132, Defendants' and Plaintiffs' supplemental briefing and replies concerning the Notice of Error in Plaintiffs' Qualified Written Request of August 3, 2015. Doc. ##136, 137, 138 and 139.

Second, and subsequent to the Court's now-vacated order of July 25, 2023, Doc. 140, are Defendants' Motion for Reconsideration, Doc. #142; Plaintiffs' counsel's Motion to Substitute Party, Doc. #144, which was granted by the Court, Doc. #145; Defendants' Response in Opposition to the Motion to Substitute Party, Doc. # 146, and second Motion for Reconsideration, Doc. #147; Plaintiffs' Reply to the Response in Opposition, Doc. #148, and Motion to Amend/Correct Motion of Proposed New Party Plaintiff, Doc. #149; Plaintiffs' Reply to Response to Motion regarding both of Defendants' Motions for Reconsideration, Doc. #151; and Defendants Reply to Plaintiffs' Response. Doc. #152.

Third, and subsequent to the Court's order of November 9, 2023, Doc. #153, are the Brief on Representation by new Party-Plaintiff Nicholas Davis as

2

Administrator for the Estates of Cynthia and Ronald ("Lantons' Estates"), Doc. #154, Defendants' Response to Brief on Representation, Doc. #156, Plaintiffs' Motion for Leave to File a Reply, Doc. #157, and Defendants' Response in Opposition. Doc. #158.

## I.    Procedural Background

Briefly, a previous decision by the Court held that Defendants were entitled to judgment as a matter of law for any alleged violations of the Fair Credit Reporting Act ("FCRA"), Fair Debt Collection Practices Act ("FDCPA"), and the Real Estate Settlement Protections Act ("RESPA"). Doc. #116. The Court dismissed the RESPA claim based on Mrs. Lanton's deposition testimony and her failure to articulate any "actual consumer damages." *Id.*, PageID#1763. On appeal, the Sixth Circuit Court of Appeals affirmed the dismissal of the FCRA and FDCPA claims but reversed the Court as to the lack of any violation under RESPA. *Lanton v. Ocwen Loan Servicing, LLC*, 793 F. App'x 398 (6th Cir. 2019).

Following the Circuit Court's ruling, the parties submitted motions and filings for summary judgment or partial summary judgment on the RESPA claim. *See* Doc. ##95, 97, 104, 105, 108, 109, 123, 124, 126, 127. Following a two-year lapse in proceedings during the COVID-19 pandemic, both parties saw changes in representation, Doc. ##128, 129, 130, and 131,[2] and both the Lantons died. Doc.

---

[2] Ocwen's counsel, Sarah Wilson, withdrew on Sep 8, 2022, Doc. #128, and was replaced by Robert Linley Dawson on September 12, 2022. Doc. #129. Plaintiffs' counsel, Andrew Gerling, was replaced via substitution by J. Eric Holloway on December 20, 2022, Doc. #130, who was subsequently replaced via substitution by John Timothy Kelly on January 30, 2023. Doc. #131.

3

#135. However, during the period prior to these deaths being suggested on the record, the Court determined that the issue of the Notice of Error ("NOE") in Plaintiffs' Qualified Written Request of August 3, 2015, required further briefing and ordered the parties to submit written memoranda on the issue. Doc. #132. After the parties jointly moved for an extension, Doc. #133, which the Court granted on May 18, 2023, Doc. #134, Defendants filed a Suggestion of Death on the Record as to Ronald Layton and Cynthia Layton. Doc. #135.[3] Both parties then filed their Supplemental Memoranda, Doc. ##136 & 137, as well as their requisite Replies. Doc. ##138 & 139. The Court then issued its now-vacated Decision and Order, Doc. #140, denying Defendants' motion for summary judgment while granting Plaintiffs' motion for partial summary judgment.

Defendants subsequently moved the Court for Reconsideration, Doc. #142, on the grounds that the Court lacked jurisdiction to grant judgment in favor of non-parties, in this case the now-deceased Lantons. *Id.* at PageID ##2096–98. The Defendants also argued that the Court should vacate its decision granting partial summary judgment in favor of the Lantons as the requisite filings supporting Plaintiffs' position were made after the Lantons' deaths and were not made on behalf of the true parties in interest, namely the Lantons' estates. *Id.* at PageID ##2098–99. Subsequently, counsel for the Plaintiffs moved the Court to substitute the Lantons' estates' administrator, Nicholas Davis, for both Plaintiffs individually,

---

[3] Based on the Suggestion of Death on the Record, Doc. #135, Plaintiff Cynthia Layton died on February 7, 2022, and Plaintiff Ronald Layton died on September 4, 2022.

4

Doc. #144, which this Court granted. Doc. #145. However, during a teleconference on August 29, 2023, when this Court vacated its prior order of July 25, 2023, *see* Doc. #140, the Court also gave Defendants the opportunity to respond to the Motion to Substitute Party.

Defendants filed their Response in Opposition to the Motion to Substitute Party, Doc. #146, contending that the substitution should be denied because it failed to comply with Fed. R. Civ. P. 25(a), *id.* at PageID ##2117–18, the claims were extinguished by the Lantons' deaths, *id.* at PageID ##2118–19, and it failed to include the notice of hearing with service while also failing to serve non-parties. *Id.* at PageID ##2119–20. Defendants then filed another Motion for Reconsideration on September 18, 2023, Doc. #147, contending again that the Court lacked jurisdiction to grant partial summary judgment for the non-party Estates of the Lantons, the pleadings filed after the Lantons' deaths were improper, and the Plaintiffs' claims should be dismissed because the procedural deficiency of the Motion to Substitute Party meant it was not filed within ninety (90) days of the Suggestion of Death, Doc. #135, as required under Fed. R. Civ. P. 25. *See* Doc. #147.

Plaintiffs filed a Reply to Defendants' Response in Opposition, Doc. #148, contending that the motion to substitute was served on the proper parties, *id.* at PageID ##2137–39, that the proper remedy for Plaintiffs' sole error—namely, failing to include a notice of hearing when serving the motion—would be to grant Plaintiffs' leave to amend the motion rather than outright dismissal of the

5

complaint, *id.* at PageID #2139, that the Lantons' claims were not extinguished by their deaths, *id.* at PageID ##2139–41, and that the motion was filed within the 90-day deadline required under Fed. R. Civ. P. 25. *Id.* at #2141. Plaintiffs also filed a contemporaneous Motion for Leave to Amend its Motion for Substitution, Doc. #149, to redress the missing notice of hearing. Plaintiffs then filed a Reply to Defendants' September 18, 2023, Motion for Reconsideration, Doc. #151, contending that the now-vacated order should remain because the motion to substitute parties was proper, that the legal outcome wouldn't change with the substituted estates' administrator as Plaintiffs even if the July 25 order were vacated, and that the Lantons' claims were not extinguished by their deaths. *Id.* Defendants subsequently filed a Reply in Support of Motion for Reconsideration, Doc. #152, arguing the caselaw cited by Plaintiffs does not demonstrate a motion to substitute can be amended, and reasserting that the Lantons' remaining claims were extinguished by their deaths. *Id.*

For the reasons set forth below, the Court SUSTAINS Plaintiffs' Motion to Substitute Party, Doc. #144, and overrules any objections thereto. Doc. #146.

## II. Legal Analysis on Party Substitution

Defendants contend that that the Motion to Substitute Party, Doc. #144, should be denied on three grounds: first, the motion was untimely; second, the motion was procedurally deficient under Fed. R. Civ. P. 25; and finally, that the Lantons' outstanding claims do not survive their death and the complaint should be dismissed. The Court will address each point in reverse order.

### a. Survival of Claims

Survival of a federal right of action is controlled by federal law or, in the absence of a federal statute, federal common law. Moore's Federal Practice 3d § 25.11[3]; *accord Bowles v. Farmers Nat'l Bank*, 147 F.2d 425, 430 (6th Cir. 1945) (citations omitted). While actions for penalties under federal law do not survive, *Bowles*, 147 F.2d at 430 (citing *Schrieber v. Sharpless*, 110 U.S. 76 (1884)), determining if a statute's provisions are penal requires a three-factor analysis. *Murphy v. Household Fin. Corp.*, 560 F.2d 206, 209 (6th Cir. 1977) (first citing *Huntington v. Attrill*, 146 U.S. 857, 666–69 (1892), then citing *Bowles*, 147 F.2d at 428, and then citing *Porter v. Household Fin. Corp.*, 385 F.Supp. 336, 340–42 (S.D. Ohio 1974) (Kinneary, CJ)). Those factors are (1) "whether the purpose of the statute was to redress individual wrongs or more general wrongs to the public; (2) whether recovery under the statute runs to the harmed individual or to the public; and (3) whether the recovery authorized by the statute is wholly disproportionate to the harm suffered." *Murphy*, 560 F.2d at 209.

When applying these factors to determine the survivability of a claim under RESPA, 12 U.S.C. § 2601 et seq., it is clear that the statutes are not penal in nature. For the first factor, the text of 12 U.S.C. § 2605 demonstrates that the statute was aimed at regulating the relationships between individual borrowers and their lenders. While the statute's provision for damages, *id.* at § 2605(f), does provide a separate schedule of damages for class actions suits, the overall damages provision shows that recovery is limited to the actual damages suffered

7

by individual borrowers and the costs associated with bringing the action. *Id.* This also shows, under the test's second factor, that recovery runs to the individual and not the public because no fine is assessed against noncompliant lenders and the damages provision grants remedies to borrowers on an individual basis. For the third and final factor, the recovery authorized by statute is not disproportionate to the harm suffered, because recovery is limited to actual damages and costs while also putting a ceiling on additional damages. *See id.* at §§ 2605(f)(1)(B), 2605(f)(2)(B). In effect, this amounts to those costs incurred by a plaintiff in both pursuing relevant information from their lender and seeking judicial redress for said lender's failure to comply with their duties under the statute.

This analysis aligns with precedent from the Supreme Court, Sixth Circuit, "and the courts of numerous other circuits [which] have held a number of statutory schemes authorizing multiple recoveries and minimum recoveries greater than actual damages to be remedial and not ... impos[ing] penalties where the wrong addressed by the statute is primarily a wrong to the individual." *Murphy*, 650 F.2d at 210 (citing *Porter*, 385 F.Supp. at 341); *see also id.* at n.5 (observing that actions for treble damages under anti-trust and patent laws are examples of statutory schemes authorizing recovery in excess of "actual" damages without being penal, and thus survive after death). Because RESPA is aimed at addressing individual wrongs, recovery runs towards individuals rather than the public, and

8

given that the authorized recovery is not disproportionate to the harm suffered, the RESPA claim is not penal and thus survives the deaths of the Lantons.[4]

### b. Procedure and Timeliness

Next, we turn to the rules of procedure on substitution of parties and the timeliness of service. Fed. R. Civ. P. 25(a) states:

(a) Death

(1) Substitution if the Claim is Not Extinguished. If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

. . .

(3) Service. A motion to substitute, together with a notice of hearing, must be served on the parties as provided in Rule 5 and on nonparties as provided in Rule 4. A statement noting death must be served in the same manner.

Additionally, "[r]ule 25(a) clearly contemplates [the] appointment of legal representatives, such as an executor or an administrator." *Roberson v. Wood*, 500 F. Supp. 854, 859 (S.D. Ill. 1980) (citing *Mallonee v. Fahey*, 200 F.2d 918 (9th Cir. 1952)). Finally, "[t]he nonparties for whom Rule[] 25(a)(1) . . . mandate[s] personal service are evidently the 'successors or representatives of the deceased party.'" *Fariss v. Lynchburg Foundry*, 769 F.2d 958, 962 (4th Cir. 1985).

---

[4] Because the Lantons' state claim for breach of contract was not a part of their motion for partial summary judgment—and our jurisdiction over it is contingent on the preservation of the federal question raised by RESPA—we need not address its survivability at this time. However, the claim likely survives as well. *See Bowman v. Parma Bd. of Educ.*, 542 N.E.2d 663, 671 (Ohio Ct. App. 1988) ("As a general rule contract claims survive the death of a plaintiff."); *see also* O.R.C. § 2305.21 (recognizing additional causes of action beyond those at common law that survive the death of the person entitled to them).

9

Defendants properly served the Suggestion of Death, Doc. #135, on May 30, 2023. This commenced the running of the 90-day substitution period allowed by Fed. R. Civ. P. 25(a)(1), which ended on August 28, 2023. On August 21, 2023, a motion seeking substitution of new party plaintiffs was filed by Nicolas Davis, "duly authorized Administrator of both the Estate of Ronald Lanton and the separate Estate of Cynthia Lanton." Doc. #144. While the motion was served electronically on Defendants, the motion lacked the notice of hearing required by Fed. R. Civ. P. 5. Defendants urge that this procedural deficiency—combined with a failure to serve the motion on the Lantons' sons, who are nonparties to the present proceeding—warrants a denial of the motion to substitute and dismissal of the action as the 90-day substitution window has passed. Doc. #146, PageID #2118.

In response, Plaintiffs argue that denying substitution and dismissing the case is not warranted, and that the proper remedy is vacating the previous order granting substitution and allowing Plaintiffs to refile their motion with the proper documentation. Doc. #148, PageID #2136. Plaintiffs have also filed a motion seeking leave to amend their prior motion to include the required notice of hearing. Doc. #149.

The Court acknowledges that the Motion to Substitute Party, Doc. #144, was procedurally deficient for failing to include a Notice of Hearing. However, no party was prejudiced by the omission, which is easily remedied by amending the motion to include the missing notice of hearing. Thus, because the Lantons'

10

estates are the proper parties to be substituted under Rule 25, and no party was prejudiced by the lack of notice of hearing to non-parties (the Lantons' sons), the Court SUSTAINS Plaintiffs Motion for Leave to Amend. Doc. 149. Having heard the parties' arguments regarding the Plaintiffs' Motion to Substitute Party, and having established that the Lantons' RESPA claim survives their deaths and that their estates are proper parties to continue prosecuting that claim, the Court's prior order granting substitution, Doc. #145, remains undisturbed.

### III.  Authority of Plaintiffs' Counsel

After reviewing the Brief on Representation, Doc. #154, and the Defendants' Response thereto, Doc. #156, the Court GRANTS Plaintiffs' Motion for Leave to File a Reply, Doc. #157, and OVERRIDES any objections thereto. Plaintiffs' counsel has shown the basis by which they have come into representation of the Lantons and their Estates, and the Court has no further issues in this regard prior to proceeding to the remaining substantive issues.

### IV.  Status of the Record Following the Lantons' Deaths and Substitution of Estates

Now, having established that the proper parties and counsel are before the Court and that the claims under consideration have survived the deaths of the Lantons, the Court recognizes that there are issues with the record due to the timing of filings around the Lantons' deaths and the substitutions of parties. Therefore, the Court VACATES any of its findings subsequent to the Suggestion of Death, Doc. #135, except for the order granting the substitution of the Lantons'

Estates. Doc. #145. The parties are ordered to rebrief their arguments regarding their cross motions for summary judgment or partial summary judgment on the RESPA claim, including the issues of the QWR and NOE.

### V.   Conclusion

For the reasons set forth above, the Court SUSTAINS Plaintiffs' Motion to Amend/Correct the Motion for Substitution, Doc. #149, SUSTAINS Plaintiffs' Motion for Leave to File a Reply, Doc. #157, and OVERRULES any objections thereto.

The Court VACATES any of its findings, and any of the parties' filings, regarding the parties' cross motions for summary judgment and partial summary judgment that were made subsequent to the Suggestion of Death, Doc. #135, except for the order granting the substitution of the Lantons' Estates. Doc. #145, to wit: Supplemental Memorandum Supporting Defendant's Motion for Summary Judgement, Doc. #136; Supplemental Memorandum Supporting Plaintiffs' Motion for Partial Summary Judgement, Doc. #137; Defendant's Reply to Plaintiffs' Memorandum, Doc. #138; Plaintiffs' Reply to Defendant's Memorandum, Doc. #139; Decision and Entry Overruling Defendants' Motion for Summary Judgment (Doc. # 95) and Sustaining Plaintiffs' Motion for Partial Summary Judgment (Doc. # 97), Doc. #140; Defendants' Motion for Reconsideration, Doc. #142; Defendants' Motion for Reconsideration, Doc. #147; Plaintiffs' Reply to Defendants' Motion for Reconsideration (Doc. #147), Doc. #151; and Defendants' Reply in Support of their Motion for Reconsideration, Doc. #152.

12

Now that the proper parties are before the Court and the docket accurately reflects the present state of the case, the deck is now clear for the Court to rule on the outstanding issues from Defendants' Motion for Summary Judgment, Doc. #95, and Plaintiffs' Motion for Partial Summary Judgment, Doc. #97, including both parties' supplemental memoranda, Doc. ##123, 124, 126 & 127.

The parties have fourteen (14) days from the date of this order to simultaneously rebrief their arguments regarding their cross motions for summary judgment or partial summary judgment on the RESPA claim, including the notice of error (NOE) issue. The Court will receive reply memoranda no later than seven (7) days thereafter.

Date: February 27, 2024

*Walter H. Rice*
WALTER H. RICE
UNITED STATES DISTRICT JUDGE