IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

NICHOLAS DAVIS,
Administrator for the Estates of
Ronald and Cynthia Lanton,

    Plaintiff,

v.

OCWEN LOAN SERVICING, LLC,

    Defendant.

Case No. 3:15-cv-372

JUDGE WALTER H. RICE

---

DECISION AND ENTRY SUSTAINING DEFENDANT'S MOTION TO STAY EXECUTION ON JUDGMENT AND TO APPROVE SUPERSEDEAS BOND (DOC. #195); OVERRULING AS MOOT DEFENDANT'S EMERGENCY MOTION TO SHORTEN PLAITNIFF'S RESPONSE DEADLINE (DOC. #196); STAYING JUDGMENT UNTIL THE CONCLUSION OF THE APPELLATE PROCESS

---

On September 11, 2025, this Court entered a decision on the final issue in this case: the award of attorneys' fees. Doc. #191. Defendant Ocwen Loan Servicing ("Defendant") notified the Court that they were considering filing a Notice of Appeal and sought clarification on whether a bond would be required to stay the judgment of the Court under Fed. R. Civ. P. 62, and if a bond were required, what the amount of the bond would be. After speaking with the parties during a conference held on October 1, 2025, the Court informed both parties that if Defendant posted a bond in

the full amount of the judgment, such a bond would be sufficient to stay the execution of judgment until after the appeal process has concluded. Doc. #192.

Defendant filed their Notice of Appeal on October 8, 2025, Doc. #194, and have filed a motion seeking to stay the judgment in accordance with the Court's directives. Doc. #195. In the motion, Defendant shows that they have secured a bond in the amount of $306,307.44. Doc. #195-1, PageID #3086.

Additionally, Defendant has filed an emergency motion seeking to shorten the time for Plaintiff to respond to the motion seeking a stay. Doc. #196. However, the Sixth Circuit is clear that Rule 62 "entitles a party who files a satisfactory supersedeas bond to a stay of money judgment as a matter of right." *Arban v. West. Publishing Corp.*, 345 F.3d 390, 409 (6th Cir. 2005) (citations omitted). Because this Court has already indicated that a bond for the full amount of judgment would be satisfactory, the Court need not wait until Plaintiff has an opportunity to weigh in. Therefore, the emergency motion shortening the briefing period, Doc. #195, is unnecessary and is OVERRULED AS MOOT. Defendant's Motion to Stay Execution on Judgment and to Approve Supersedeas Bond, Doc. #195, is SUSTAINED. The Judgment of this Court, filed September 11, 2025, is hereby STAYED pending the conclusion of the appellate process.

2

Date: October 9, 2025

*Walter H. Rice*

WALTER H. RICE
UNITED STATES DISTRICT JUDGE